UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME TAPP | DOCKET NO: 07-CV-1804; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jerome Tapp, filed on October 15, 2007, in the Eastern District of Louisiana. The case was transferred to this district on October 26, 2007, and Plaintiff's motion to proceed *in forma pauperis* was granted on November 05, 2007. Tapp is currently incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff names as defendants Warden Tim Wilkinson, Corrections Corporation of America ("CCA"), Assistant Warden Morgan, Sgt. Brinson, Capt. Knight, Kenneth Vernon, Chief Walker, Case Manager Swafford, T. Glover, Lt. Armstrong. In an amended complaint, Plaintiff asks that Warden Morgan, Kenneth Vernon, and T. Glover be dismissed and that the following individuals be added as defendants: Mona Heyse, Ann Maxey, and Ms. Longino. Plaintiff raises claims of denial of access to courts and loss of personal property. He seeks the return of his property or replacefor the lost property as well as one million dollars for mental anguish.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order

of this Court.

## STATEMENT OF THE CASE

Plaintiff claims that the defendants are denying him access to the courts and thereby hindering Plaintiff's efforts to obtain his freedom. [Doc. #1-1, p.4] He alleges that on June 7, 2007, he was placed in administrative segregation; therefore, his personal property was taken from him and sent to the property room where it was to be placed in a bin or locker. [Doc. #1-1, p.4]

Plaintiff claims that he began requesting legal documents from his personal property on June 11, 2007 in order to prepare for a June 22, 2007 court hearing in Orleans Parish Criminal District Court.[1] Plaintiff claims that he sent several requests to Mrs. Brinson and Case Manager Swafford for his legal documents, but the documents were not provided to him.

Plaintiff claims that he was taken to Criminal District Court on July 22, 2007 for a hearing on a Motion to Reconsider Sentence, but was denied relief because he was unable to properly prepare for court without the legal documents and/or because he did not have his legal documents with him at the hearing. [Doc. #1-1, p.7]

---

[1] Plaintiff claims that the Honorable Lance Africk had ordered the Orleans Parish Criminal District Court to entertain Plaintiff's "Motion to Reconsider Sentence." A review of CM/ECF shows that Plaintiff had a Petition for Writ of Habeas Corpus pending before Judge Africk from May 5, 2004 through June 6, 2005, when the claim was dismissed without prejudice for failure to exhaust. Plaintiff has not since re-filed the habeas claim. Tapp v. Rogers, 2:04-cv-1066 (E.D. La. 2004). Therefore, according to the record, Judge Africk did not remand Plaintiff's case to the state court or issue any order to the criminal district court; rather, Judge Africk dismissed Plaintiff's case for failure to exhaust.

2

Approximately two weeks later, Plaintiff was informed by Tommy Glover that "they" (unnamed prison officials) lost his property. [Doc. #1-1, p.8] Plaintiff claims that Swafford later told him that Brinson gave Plaintiff's property to Knight; however, Knight said that the property actually was given to Kenneth Vernon.

Ultimately, Plaintiff's trial transcripts, sentencing transcripts, and other documents were lost. Plaintiff alleges in his amended complaint that numerous family photographs were lost, as well.

## LAW AND ANALYSIS

### I. Access to Courts

First, an "access to courts" claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; "access to courts" claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988); see also Sims v. Landrum, 170 Fed. App'x 954 (6th Cir. 2006); Turner v. Donnelly, 156 Fed. App'x 481, 483-84 (3rd Cir. 2005). Plaintiff claims that the lost document situation "started out as incompetence and/or laziness" and "has turned into a conspiratorial cover-up."

Moreover, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than **the ability of**

3

an inmate to prepare and transmit a necessary legal document to a court." Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(emphasis added)(citing Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993)). Additionally, to make out a claim that his constitutional right of access to the courts has been violated, the plaintiff must demonstrate that his position as a litigant was **actually prejudiced** by his denial of access to the courts. Id. (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)). Actual prejudice in the ability to pursue a legal claim includes injuries such as the inability to meet a filing deadline or to present a claim, see Lewis v. Casey, 518 U.S. 343, 351 (1996), or the inability to prepare and transmit legal documents to a court, see Allen v. Fuselier, 273 F.2d 393 (5th Cir. 2001).

First, Plaintiff has not alleged deliberate indifference on the part of the defendants. What he has described, "incompetence and/or laziness" on the part of the defendants, which resulted in his property being misplaced or lost, amounts to a claim for negligence.

Plaintiff makes a conclusory allegation that his Motion to Reconsider Sentence was denied because he did not have certain legal documents, such as the trial or sentencing transcripts. The documents referenced by Plaintiff are part of the public record and would have been accessible to the state court. To the extent that Plaintiff claims his motion was denied solely because he was unable

to review certain documents in preparation for the hearing, that allegation is conclusory, as well. Plaintiff cannot establish that, had been able to review the missing documents, he would have been successful on a motion to reconsider sentence.

Even presuming that Plaintiff's right to access the court had been violated, he would have to prove that he was actually prejudiced by the denial of access. Plaintiff cannot establish that the purported motion to reconsider sentence was denied based on his inability to bring certain legal documents to the hearing or review those documents prior to the hearing.

To the extent Plaintiff claims a conspiracy by the defendants to "cover up" on behalf of the person who lost the documents, Plaintiff still has to show an actual injury. He has not shown that he was actually prejudiced by the alleged denial of access. Plaintiff has not alleged that he was unable to prepare and transmit a necessary legal document to a court. Plaintiff was obviously able to prepare and file his motion to reconsider the sentence. He was able to present his claim to the state court and, apparently, to the federal court, which dismissed his habeas claim as unexhausted.

In his amended complaint, Plaintiff complains that some of his mail received from the Eastern and Western Districts of Louisiana was opened by prison personnel. Again, to rise to the level of a constitutional violation of an inmate's right of access to the

courts, the inmate must allege that his position as a litigant was prejudiced by the mail tampering. See Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 504 U.S. 988 (1992). Plaintiff has failed to do so; he has not stated a cognizable constitutional claim. See Brewer v. Wilkinson, 3 F.3d 816 (5th Cir.1993), Walker v. Navarro County Jail, 4 F.3d 410 (5th Cir.1993).

II. Loss of property

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.

In Parratt v. Taylor, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. Id., 451 U.S. at 536-37.

The Due Process Clause does not embrace tort law concepts. Id. Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not

6

afford the prisoner a remedy. See Daniels v. Williams, 474 U.S. 327, 325 (1986).

Even in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517 (1984); Davis v. Bayless, 70 F.3d 367 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when Plaintiff's legal documents were misplaced by a prison official. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See La. Civil Code, Article 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205 (1992).

Even if Plaintiff's claim had been premised on intentional conduct, it still would be barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy for

7

lost property, i.e. a tort suit brought in state court. <u>Samuels v. Hay</u>, 128 Fed. App'x 395, 396 (5th Cir. 2005).

Accordingly,

IT IS RECOMMENDED that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

8

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 14th day of December, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE